### AKER v. BROOKLYN DAILY EAGLE.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. TRIAL (§ 264*)—WAIVER OF EXCEPTIONS—INSTRUCTIONS.
    Where defendant excepted to the charge that a complete justification had not been established, and in that connection asked a charge that it was for the jury to determine whether there had been a complete justification, whereupon plaintiff consented that the court might so modify its charge and leave the question to the jury, defendant by then withdrawing its request for charge waived its exception, as it will be assumed the court, on plaintiff's consent, would have charged as defendant requested.
    [Ed. Note.—For other cases, see Trial, Dec. Dig. § 264.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
    Though the fact that plaintiff was threatened with personal violence during the altercation which inspired the article sued for as libelous was of no pertinency to the issue of justification, its admission does not require reversal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4153; Dec. Dig. § 1050.*]

3. LIBEL AND SLANDER (§ 114*)—CHARGE OF DISHONESTY—DAMAGES.
    Plaintiff is entitled to some damages for publication of an article charging him with dishonesty, in the absence of proof of its truth, under the plea of justification.
    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 352; Dec. Dig. § 114.*]

Appeal from Trial Term, New York County.

Action by Evender S. Aker against the Brooklyn Daily Eagle. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

John J. Kuhn, for appellant.
John D. Doyle, for respondent.

HOUGHTON, J. The defendant published an article in its newspaper, charging, in substance, that the defendant had been dishonest in his business dealing. Justification was pleaded, and, if the jury believed the evidence produced by the defendant, such justification was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

established. The plaintiff denied that he had been dishonest in his business dealing as published, and therefore the question of justification was one for the jury.

The learned trial court, however, charged the jury that the plaintiff was entitled to some verdict at their hands and at least six cents on the ground that the justification of defendant was not complete. Defendant's counsel excepted to the charge of the court that there had not been a complete justification established, and, in connection with such exception, asked the court to charge the jury that it was for them to determine whether there had been an absolutely complete justification on the part of the defendant. Thereupon counsel for the plaintiff consented that the court so modify its charge and leave that question to the jury. Upon this consent being given defendant's counsel withdrew such request to charge, and now insists that the court erred in not submitting to the jury the question as to whether or not the defendant had completely justified.

We are of the opinion that, under the circumstances disclosed, the defendant is not entitled to the benefit of its exception in that respect. Presumably upon the consent of the plaintiff the court would have charged as the defendant requested. When the defendant learned that the plaintiff was willing to consent and that its request, which would cure the error committed by the court, was about to be charged, it withdrew the request which it had made. Assuming, as we must, that the court upon consent of plaintiff's counsel would have charged the request and thus left the question of justification to the jury, the situation is the same as though the court had announced that it would charge as the defendant requested if it so insisted. Instead of insisting, the defendant withdrew its request. Having had an opportunity to cure the error, and declining to do so, the defendant cannot stand upon its exception, and must be deemed to have waived it and to have acquiesced in the charge as made. While the fact that Higginbotham threatened personal violence against the plaintiff during the altercation which inspired the published article was of no pertinency to the issue, the admission of evidence to that effect was not such error as requires a reversal of the judgment. The published article charged the plaintiff with dishonesty, and he was entitled to some damages, unless the defendant proved the truth of its assertion.

The act of its counsel on the trial being such that it cannot take advantage of the error of the court in its charge, as we have concluded and pointed out, it follows that the judgment and order must be affirmed, with costs. All concur.